IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| AMANDA LABELLE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 20-05115-CV-SW-MDH-SSA |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Commissioner of Social Security's ("Commissioner") Motion to Reverse and Remand. (Doc. 22). Plaintiff did not object to the Motion. Commissioner requests the Court reverse the decision of the Administrative Law Judge (ALJ) and remand this action to Commissioner pursuant to section 205(g), 42 U.S.C. § 405(g). According to the Commissioner, after careful review of the above-captioned case, the agency determined that remand was necessary for further evaluation of Plaintiff's claim. The Commissioner states that remand is needed in this case to allow the ALJ to further evaluate medical evidence of record and Plaintiff's hearing testimony, including the accommodations she reportedly received in her prior employment and the effect of headaches on her ability to work.

The Commissioner asserts that remand would expedite administrative review, ensure that the Commissioner properly considers Plaintiff's claim, and could make judicial review unnecessary. Remand by this Court is appropriate under 42 U.S.C. § 405(g), which provides that "the court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

After careful consideration, it is hereby **ORDERED** that the decision of the ALJ is reversed and this case is remanded to the Commissioner under 42 U.S.C. § 405(g). On remand the ALJ is instructed to: (1) ensure the record is fully developed, including any relevant medical evidence; and (2) evaluate the prior administrative medical findings and medical opinion evidence in accordance with 20 C.F.R. §§ 404.1513a and 404.1520c.

This Order will begin the appeal period, which determines the thirty-day period during which a timely application for attorney's fees may be made under the Equal Access to Justice Act. See 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Dated: February 1, 2022  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**